The opinion of the Court was delivered by
WaRdlaw, Ch.
Samuel Lowry by the first clause of his will, made the following disposition of a portion of his estate; “ I give and devise to my brother William Lowry, for and during his natural life, my plantation whereon I now live, it being formed of several adjoining tracts of land, and from and after his death I give and devise the said plantation to his sons *245 during tbeir natural lives, and after their death their parts thereof to their children forever.” At the death of the testator all the sons, including James the plaintiff, of William the first tenant for life were in existence. Upon the death of William the plantation devised was' divided among his sons, and to the plaintiff was assigned the tract of land now in controversy. The plaintiff agreed under seal to convey this tract to the defendant, and has tendered to defendant a conveyance in fee simple with general warranty, which defendant refuses to receive, supposing the plaintiff to have a life estate only in the land. The bill prays specific performance of the contract, and the question in the cause is, whether plaintiff has title in fee. We hold with the Chancellor, 'that the validity of a limitation over on a question of remoteness, must depend on events possible at the time of the creation of the gift, and that it is not generally to be controlled by the events which have actually occurred. The contingency upon which a gift over is to take effect, must necessarily happen within lives in being and twenty-one years after-wards from the creation of the gift. We agree too that the donation to the sons of William includes all of his sons who may come into existence before the period of distribution which is the death of William; and, that by possibility William might have sons born more than twenty-one years after the death of the testator, and that the limitation over to the children of such unborn sons, would be void for remoteness. But the exact question in the case is whether the whole limitation over to the children of the sons of William is to be declared void, because the limitation over would be too remote as to the children of such sons of William as might possibly be born after the legitimate era from the death of the testator. On this point we differ from the Chancellor’s conclusion, although he has not discussed the question, nor have the counsel on either side discussed it before this Court.
By the devise under consideration, the testator manifestly contemplated a division of his plantation among the sons of *246 William, at the expiration of a life in being, namely that of William, and in fact such division was made. The testator further directs that the sons of William should hold for life only, and that their “ parts” on their deaths respectively, should proceed to their children in fee. If the limitation over had been confined to the children of the sons of William in esse, at the death of the testator, or. more largely to the children of such sons as might be born within twenty-one years after the death of the testator, it would have been unquestionably valid. Is the limitation over to the children of sons within the rule against perpetuities to be defeated by the possibility that the life tenant might have sons whose children might be without the rule ? We think not, because the testator has directed separation of his plantation into parts, and, that these parts shall go to the children of the previous life tenants. Possibly, although the fact is otherwise, some of the children of the sons of William might not be enabled to take by purchase, but why should this disable others to take their shares when the estate is given partitively ? The “ parts” of the sons of William are to go to their children. Suppose the testator after providing for division of the estate at the death of William, had proceeded to declare expressly that the share of James should be held for his life only and then go to his children, and that the same course should be taken as to the share of any son of William unborn at .testator’s death, surely the invalidity for remoteness of the gift over to the children of the unborn son would not disturb the gift over to the children of James, which is within the era allowed by the rule against perpetuities. Yet the testator has in substance made this precise disposition. He has directed division at the death of William among his sons, and that their parts should be held for life only, and then go to their children in fee.
It is a settled rule of construction that Courts will give effect to the lawful dispositions of a testator, although some portions of his disposition may be invalid by some rule of law. His intention is to be consummated so far as it is legitimate. Thus *247 where real and personal estate are given over in the same clause, upon the death of the first taker without leaving issue, the gift over of the personalty is supported although the gift over of the realty fails. Forth vs. Chapman, 1 P. Wms. 665; Mazyck vs. Vanderhorst, Bail. Eq. 48. If this distribution of the terms of donation be allowable as to the subjects of gift, there is no reason why it should not also prevail as to the objects of gift. So, where there are distinct limitations to two different classes, with one general gift over upon an event equally applicable to the members of both classes, good as to one class, and void as to the other for remoteness, the gift over will be supported as to one class although void as to the other class. Lewis on Perpetuities, 461; Cromek vs. Lamb, 8 You. & Col. 565. So also, on gifts over upon a contingency with a double aspect, if in fact one of the contingencies happens within the line of perpetuity, the gifts over are supported. Lewis on Per-petuities, 508. Other analogies might be presented.
It may be that we have not conclusively demonstrated that the estate of the plaintiff in the land in controversy is for life only, but it is sufficient for the defendant that the plaintiff’s title in fee is reasonably doubtful. On bills for specific performance of contracts concerning lands, and the present case is of this character, Courts of Equity do not force the purchasers to take anything but a good title, and do not compel them to buy law suits. Courts of Law consider a title as doubtful only in matters of fact, but Courts of Equity, in deference to the Law Courts, consider a title as doubtful in law as well as in fact, where the law is not settled. We consider the plaintiff’s title as at least doubtful. Lewis on Per. 116.
It is ordered and decreed that the Chancellor’s decree be reversed, and that the bill be dismissed.
JOHNSTON and DukkiN, CC., concurred.

Decree reversed.